In re Francoise Le Guehennec SCHIEF a/k/a Francoise Le Guehennec Midgette, Debtor.

Richard I. MIDGETTE, Sr., Plaintiff,

v.

Francoise Le Guehennec SCHIEF a/k/a Francoise Le Guehennec Midgette, Defendant.

Bankruptcy No. 88–05194–BKC–TCB.
Adv. No. 89–0087–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

June 20, 1989.

Lawrence U. Taube, Robert M.W. Shalhoub, West Palm Beach, Fla., for defendant.

Jeffrey H. Frank, Levine and Frank, P.A., Palm Beach Gardens, Fla., for plaintiff.

Daniel L. Bakst, trustee, West Palm Beach, Fla.

MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff seeks denial of the debtor's discharge under 11 U.S.C. § 727(a)(2)(A). Allegations under § 727(a)(3) and (a)(5) were abandoned at trial.[1] Alternatively, plain-

1. Plaintiff agreed on the record to narrow the relief sought upon the allegations in the com-

plaint to one subsection for denial of discharge.

tiff asks for exception from discharge for his claim under § 523(a)(5). At the trial, this court's ruling was announced that the allegations do not state a cause of action for exception from discharge under § 523(a). Alternatively, if a cause of action is stated, denial of discharge under § 727 for the reasons discussed below renders that relief moot, and this court need not hear or try the alternative grounds for relief.

The debtor has answered. The matter was tried on April 18 and continued to June 6.

Resolution of the remaining issues raised by the pleadings was announced by the court. An oral ruling was made that this court abstains from hearing the counterclaim asserted by the debtor wife. Separate orders have been entered with respect to the pleadings.

I now conclude that discharge must be denied under § 727(a)(2)(A).

Section 727(a)(2)(A) precludes discharge if:

"the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate ..., has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed (A) property of the debtor, within one year before the date of the filing of the petition."

The bankruptcy petition was filed December 19, 1988. The act specified in the amended complaint (CP 4 ¶ 10) under § 727(a)(2) is:

"transfer of [real] property in France and disposition of the proceeds ... by the debtor with the intent to hinder, delay, or defraud the plaintiff/creditor...."

The facts are undisputed that under a final judgment of dissolution of marriage dated April 6, 1987, the debtor wife was ordered to convey to the husband a 37.5% interest in the subject property, and that she sold the house in France on December 28, 1987 without deeding an interest or paying any portion of the sale proceeds to plaintiff. The sale price was one million francs. The debtor satisfied two mortgages, and then immediately disbursed a portion of the proceeds to relatives in France as repayments of loans. In January 1988 she brought the remaining cash proceeds ["about eight, $10,000"] back to this country and gave $5,000 to her son. (Ex. 1 pp. 14 and 22). The former husband obtained a judgment on March 21, 1988 for the sum of $32,650, representing his 37.5% share of the proceeds from the sale of the house. (Ex. 4).

Establishing the debtor's actual fraudulent intent is the sole disputed issue. The debtor's intent may be inferred from the facts and circumstances, notwithstanding denial of any such intent.[2] 4 *Collier on Bankruptcy* (15th ed.1989) ¶ 727.02[3] n. 18.

The debtor's assertion that the failure to prepare a deed to transfer the property interest to the former husband was a matter left to her divorce attorney, and her counsel's explanation that he was unfamiliar with French legal procedures and therefore asked the husband's attorney to prepare a deed, are plausible and reasonable under the circumstances. These facts, *standing alone,* are not sufficient to establish fraudulent intent by the debtor. However, these circumstances coupled with the undisputed facts of the sale and disbursement of proceeds to the debtor's son, and still not tendering any money to the former husband, taken together show the debtor's actual intent to defraud this creditor. I find the inference of actual intent inescapable from the evidence here.

Plaintiff, which has the burden, has established intent by the debtor to transfer property through the sale and unauthorized disbursement. I find that the plaintiff has proved a deliberate concealment of the sale proceeds within the year before the filing of the petition. Accordingly, discharge must be denied under § 727(a)(2)(A).

As is required by B.R. 9021, a separate judgment will be entered denying the debt-

---

**2.** The order (Ex. 4) entered in the State court proceeding denying the husband's motion for contempt contains no factual findings relevant to the issue of the wife's intent.

or's discharge. Costs may be taxed on motion.

DONE and ORDERED.